# Locke Lord LLP
Attorneys & Counselors

Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-812-8325
Direct Fax: 212-812-8385
gcasamento@lockelord.com

January 28, 2016

BY ECF

The Honorable Lorna G. Schofield
United States District Court
40 Foley Square
New York, NY 10007

Re: *Chan Ah Wah, et al. v. HSBC North America Holdings, Inc. et al.,*
    Civil Action No. 1:15-cv-08974-LGS

Dear Judge Schofield:

We represent Defendant HSBC Bank USA, N.A. in this action. We write today in accordance with Your Honor's January 7, 2016 Order (ECF 27), to provide the Court with our proposal for the next steps in this litigation. While the Order instructed the parties to file a joint letter, the *pro se* Plaintiffs declined to comment on the draft of a proposed joint letter that we sent them, and they indicated that they were unwilling to prepare a joint letter with us.

Pursuant to your Order, we met with the Plaintiffs and Christopher Burke, Class Counsel, on January 20, 2016. The parties were unable to reach an agreement that would moot the need for the Court to decide a contested motion to dismiss or alternatively stay in this action. We believe that any further efforts to reach any type of agreement with Plaintiffs that would moot the need for the Court to decide such a motion would be futile. Accordingly, we respectfully request the Court's permission to file a motion to dismiss or alternatively stay this action on the grounds that:

1. to the extent the Plaintiffs' FX transactions occurred entirely in Singapore or other foreign countries (which we believe is the case based on our review of the transactions), those transactions are entirely foreign, and Plaintiffs' claims based on those transactions must be dismissed under the Court's prior ruling in the *Larsen* and *Simmtech* actions (Case No. 15-7789, ECF 242, at 25-30); and

2. to the extent that any of the Plaintiffs' FX transactions occurred in the US (which we do not believe is the case), then this case is covered by the injunction contained in the Preliminary Approval Order in the Consolidated Action and should be stayed pursuant to the terms of that injunction (Case No. 15-7789, ECF 536 at ¶ 21).

January 28, 2016
Page 2

We understand that the Plaintiffs wrote to the Court on January 25, 2016, indicating that they desire to amend their Complaint to add additional defendants. (ECF 35). Since the Plaintiffs have not yet amended their Complaint and no defendant has responded to it, we request that the Court set a deadline of February 15, 2016 for the Plaintiffs to file a First Amended Complaint.

Because the Plaintiffs intend to add additional defendants, they will need some time to serve such defendants with process or obtain waivers of service. Accordingly, we requests that the Court set a deadline of March 18, 2016 (or 20 days after service of process, whichever is later) for defendants to file the motion to dismiss or alternatively stay as described above, reserving any other motions to dismiss (specifically including for lack of personal jurisdiction) to be filed and briefed, if necessary, after this threshold motion is decided. Responses to such motions would be due 30 days thereafter and replies 20 days thereafter. In all other respects, the action would remain stayed pursuant to the January 7, 2016 Order. Following a decision on the threshold motion, the issue of consolidation could be addressed if needed.

We appreciate the Court's attention to this matter, and stand ready to answer any additional questions the Court may have regarding this matter.

Respectfully yours,

*[signature]*

Gregory T. Casamento

cc: Chan Ah Wah, Pro Se Plaintiff
Lim Cheok Kee Willy, Pro Se Plaintiff
Christopher Burke, Esq., Class Counsel