USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/5/2017___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CHAN AH WAH, et al.,                                        :
                              Plaintiffs,                   :
                                                            :   15 Civ. 8974 (LGS)
           -against-                                        :
                                                            :   **OPINION AND ORDER**
HSBC NORTH AMERICA HOLDINGS INC.,                           :
et al.,                                                     :
                              Defendants.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiffs Chan Ah Wah and Lim Cheok Kee Willy commenced this action alleging violations of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., and the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 et seq., based on Defendants' alleged involvement in a conspiracy to manipulate benchmark rates in the foreign exchange ("FX") market. Plaintiffs' Sherman Act and CEA claims were dismissed "[b]ecause the [Second Amended] Complaint fail[ed] to plead any U.S. connection for the FX instruments over which they are suing." *Wah v. HSBC N. Am. Holdings Inc.*, No. 15 Civ. 8974, 2016 WL 4367976, at *2 (S.D.N.Y. Aug. 11, 2016). Plaintiffs move for leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The Proposed Third Amended Complaint (the "TAC")[1] asserts Sherman Act, CEA and various state law claims against HSBC North America Holdings Inc. and

---

[1] Plaintiffs have submitted three versions of the TAC -- one before the Court held a conference regarding the instant motion and two after, on October 12, 2016, and October 20, 2016, respectively. The October 12 and October 20 versions are substantially identical, except that there are additional pages in some of the exhibits attached to the October 20 version. All references to the TAC in this Opinion are to the October 20 version.

five of its affiliates (collectively "HSBC").[2]  For the following reasons, Plaintiffs' motion is granted.

I. **BACKGROUND**

Familiarity with the procedural history and the allegations contained in the Second Amended Complaint is assumed. *See Wah*, 2016 WL 4367976, at *1. The following factual allegations are drawn from the TAC and assumed to be true for purposes of this motion. *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

Plaintiffs banked with HSBC Private Bank Malaysia from 2005 to 2007, and HSBC Singapore from 2007 to 2010. Based on account statements and other correspondence attached to the TAC as exhibits, Plaintiffs lived in either Malaysia or Singapore during this time period. The TAC alleges that Plaintiffs entered into 5,400 FX spot transactions with HSBC. Some of these transactions were in the over-the-counter market, and others were on the Chicago Mercantile Exchange or Intercontinental Exchange. The Complaint alleges that Plaintiffs arranged these transactions "by telephone directly [with] HSBC traders in the United States."

At a conference held on September 28, 2016, the Court inquired as to the factual basis for Plaintiffs' belief that the HSBC traders they dealt with were located in the United States. In response, Plaintiffs explained at the conference and allege in the TAC that some of the phone calls occurred very late at night in Singapore or Malaysia, but during trading hours in New York. The TAC also alleges that the HSBC traders told Plaintiffs during these phone calls that "they [were] doing some calculations because the New York trading market is closing" and that they "followed New York holidays for closing." The TAC includes a chart that illustrates "the 24-

---

[2] The five affiliates named in the TAC are HSBC Bank plc; HSBC Holdings plc; HSBC Bank USA, N.A.; HSBC Securities (USA) Inc.; and The Hongkong and Shanghai Banking Corporation Limited, Singapore Branch.

2

hour nature of the [FX] OTC market" by showing the overlap in trading hours across seven cities, including New York and London -- "the two largest FX trading centers."

## II. STANDARD

"Leave to amend should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), but should generally be denied in instances of futility . . . ." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (some internal quotation marks omitted). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017). In reviewing such a motion, a court accepts as true all factual allegations and draws all reasonable inference in the plaintiff's favor. *See Trs. of Upstate N.Y. Eng'rs Pension Fund*, 843 F.3d at 566. To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts are obligated to construe pro se pleadings liberally. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). A pro se complaint must be afforded "special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

## III. DISCUSSION

Plaintiffs' motion for leave to file the TAC is granted because, contrary to HSBC's argument, neither the Sherman Act and CEA claims nor the state law claims are futile.

To state a claim under either the Sherman Act or CEA, a plaintiff must plead a sufficient nexus to the United States. The Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, "lays down a general rule placing *all* (nonimport) activity involving foreign commerce outside the Sherman Act's reach," but then brings back certain conduct so long as its "'direct,

substantial, and reasonably foreseeable effect' on American domestic, import, or (certain) export commerce" gives rise to a Sherman Act claim. *F. Hoffmann-La-Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 162 (2004). Similarly, "the CEA creates a private right of action for persons anywhere in the world who transact business in the United States, and does not open our courts to people who choose to do business elsewhere." *Loginovskaya v. Batratchenko*, 764 F.3d 266, 273 (2d Cir. 2014).

The TAC pleads facts that support a reasonable inference that the transactions at issue were executed on a U.S. exchange or with a U.S. trading desk. The TAC alleges that Plaintiffs spoke by telephone with HSBC traders at a time of day when FX markets would be closed in Malaysia or Singapore but open in New York; that during some of these phone calls the HSBC traders referenced the New York market closing time and holiday schedule; and that New York is one of the two largest FX trading centers. Although these allegations do not necessarily lead to the conclusion that the HSBC traders were located in the United States -- they could have been located elsewhere and merely followed New York trading hours -- they are enough to "nudge" Plaintiffs' claimed U.S. connection "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the TAC could withstand a motion to dismiss the Sherman Act and CEA claims such that allowing Plaintiffs to amend their pleadings would not be futile. *See, e.g.*, *In re Platinum & Palladium Antitrust Litig.*, No. 14 Civ. 9391, 2017 WL 1169626, at *28 (S.D.N.Y. Mar. 28, 2017) (holding that transactions on a U.S. exchange or in which liability transferred or title passed in the United States are domestic for purposes of the CEA) (citing *Morrison v. Nat'l Austl. Bank*, 561 U.S. 247, 267 (2010); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012)); *In re Vitamin C Antitrust*

*Litig.*, 904 F. Supp. 2d 310, 321 (E.D.N.Y. 2012) ("payment for a product in the United States is sufficient to create a domestic effect for FTAIA and antitrust standing purposes").

It also would not be futile to allow Plaintiffs to amend their pleadings to add the state law claims asserted in the TAC. Plaintiffs brought these claims in an earlier action that was dismissed for lack of subject matter jurisdiction. *See Chan Ah Wah v. HSBS Bank PLC*, No. 13 Civ. 4789, 2014 WL 2453304, at *2 (S.D.N.Y. June 2, 2014). Subject matter jurisdiction does not appear to pose a problem here, because the Court has federal question jurisdiction over the TAC's Sherman Act and CEA claims, at least for purposes of surviving a motion to dismiss. The Court can therefore exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1367; *Fei Hang Chen v. Jing Fong Rest., Inc.*, 582 F. Supp. 2d 602, 603 (S.D.N.Y. 2008) (even "[w]hen . . . the federal claims are dismissed, a federal court may, in its discretion, retain supplemental jurisdiction over the state claims").

HSBC's argument that Plaintiffs should not be given leave to add their state law claims because they unduly delayed in pursuing them is unpersuasive. This action is in its early stages, no formal discovery has been taken and HSBC has not shown how it would be prejudiced by allowing the claims to be added at this time. *See United States ex rel. Ladas*, 824 F.3d at 28 (leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party"). Finally, HSBC's argument that the state law claims would be futile as to certain HSBC entities not alleged to have engaged in any misconduct is premature, as the relationship among the HSBC entities and the scope of the alleged misconduct is not yet clear. HSBC may raise the argument that certain entities are not proper defendants at a

later time, or HSBC may confer with Plaintiffs before the filing of the TAC to attempt to assure that the correct HSBC entities are named.

## IV. CONCLUSION

Because neither the Sherman Act and CEA claims nor the state law claims are futile, Plaintiffs' motion for leave to file the TAC is GRANTED. Plaintiffs shall file the TAC by June 15, 2017.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 113, 118 and 122, and mail a copy of this Opinion to the pro se Plaintiffs.

Dated: June 5, 2017
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE