UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>WAH, *et al.* v. HSBC NORTH AMERICA HOLDINGS INC., *et al.* | No. 1:13-cv-07789-LGS<br><br><br><br>No. 1:15-cv-08974-LGS |

**DECLARATION OF KRISTEN M. ANDERSON IN SUPPORT OF JOINT RESPONSE TO THE COURT'S ORDER REGARDING ELIGBILITY OF CHAN AH WAH AND LIM CHEOK KEE WILLY TO SUBMIT A CLAIM IN THE FOREX SETTLEMENTS**

I, Kristen M. Anderson, pursuant to 28 U.S.C. §1746, declare:

1. I am an attorney duly licensed by the States of California and New York and the District of Columbia.

2. I am a partner in the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott"), in New York, New York.

3. I am one of the counsel representing Class Plaintiffs in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS ("*Forex*"). I have been actively involved in prosecuting the *Forex* action and in the claims process for the *Forex* settlements. I have personal knowledge of the matters stated herein. If called upon, I could and would competently testify thereto under oath.

4. On October 6, 2017, I emailed Chan ah Wah and Lim Cheok Kee Willy (the "Chans") a Notice Packet, which included the Notice of Class Action Settlement and Claim

Form, in both English and Simplified Chinese. The Chans had previously requested that I send them the Notice Packet via email.

5. The Court-appointed Claims Administrator, Garden City Group ("GCG") advised me that Chan ah Wah ("Mr. Chan") submitted an "Option 2" claim in the *Forex* settlements, which GCG received on October 17, 2018.

6. Following research by the claims administrator, myself, and counsel for HSBC, on October 30, 2017, I called the Chans and informed them that they had not been identified as a settlement class member and therefore, would not receive a payment from the Settlement Fund unless they could provide records showing that their FX trades occurred in the United States.

7. Following further email and telephone conversations with the Chans, on November 14, 2017, I sent a letter to the Chans (attached hereto as Exhibit 3) advising them that Mr. Chan's claim was deficient because he had not submitted the transaction data required for an "Option 2" claim.

8. On November 22, 2017, the Chans emailed me copies of their FX trading records with HSBC. Pursuant to the Chans' request, I sent these records to the claims administrator.

9. The Chans' FX trading records included: (1) "Transaction Confirmations" reflecting FX and other types of transactions for the time period November 2007 through June 2010; (2) certain "Monthly Statements" for the Chans' two bank accounts with HSBC Private Bank (Suisse) SA, Singapore Branch ("HSBC Singapore"); and (3) an "Account Analysis" prepared by P Koetting & Associates, which analyzed the performance of one of the Chans' accounts with HSBC-Singapore over the period of June 17, 2005 through July 31, 2010, using the Monthly Statements as the source of the analysis.

2

10. GCG advised me that Lim Cheok Kee Willy ("Mrs. Chan") submitted an "Option 2" claim in the *Forex* settlements, which GCG received on November 29, 2017.

11. On December 1, 2017, with the consent of the Chans, counsel for HSBC sent me copies of the Chans' account statements reflecting their FX transactions. The statements that HSBC produced were for the same two HSBC Singapore bank accounts reflected in the Chans' submission of Monthly Statements. These statements were addressed to the Chans at Singapore addresses. I provided the copies of the statements from HSBC to the Chans.

12. My firm completed a review of the Chans' records (both those produced by the Chans and by HSBC) and found no evidence showing that the Chans transacted in FX Instruments in the United States or its territories.

13. On December 5, 2017, I sent the Chans a letter (attached hereto as Exhibit 4), informing them that class counsel and the claims administrator had determined that they were not class members because there was no evidence that the FX trades reflected in their records occurred in the United States. My letter gave the Chans 30 days to cure this defect through the submission of other records showing that the trades occurred in the United States or that the Chans were domiciled in the United States when they entered into these trades. The Chans produced no additional records during the 30-day period.

14. On December 8, 2017, and on several subsequent occasions, the Chans claimed that HSBC executed FX trades on U.S. exchanges, including the Chicago Mercantile Exchange ("CME") and Intercontinental Exchange ("ICE"), on their behalf. But the Chans did not produce any evidence of such trades and claimed that the records of those trades were under HSBC's exclusive control.

3

15.     On December 12, 2017, Kate Lv, an associate attorney at my firm who works under my supervision, sent HSBC's counsel an email requesting HSBC to determine whether any records exist relating to FX trades HSBC may have executed on behalf of the Chans on U.S. exchanges. I was copied on this email. On January 8, 2018, counsel for HSBC confirmed that the bank did not find any evidence suggesting that HSBC executed FX transactions on any exchanges on the Chans' behalf.

16.     On January 9, 2018, I sent the Chans a letter (attached hereto as Exhibit 5), informing them that class counsel and the claims administrator had definitively concluded that the Chans were not class members and were therefore not eligible to submit a claim in the *Forex* settlements.

17.     On January 12, 2018, the Chans emailed class counsel stating that they had submitted additional evidence of their class membership in the exhibits attached to their January 12, 2018 letter to the Court (ECF No. 923). The Chans' submission contains, among other things, confirmations of the Chans' FX trades with HSBC. My firm reviewed the Chans' additional submission and informed the Court that our review did not change class counsel's conclusion that the Chans are not settlement class members (ECF No. 940).

18. Attached are true and correct copies of the following documents:

| EXHIBIT | DESCRIPTION |
|---|---|
| 1. | The Chans' Transactions Confirmation, dated April 7, 2008 (with account number redacted pursuant to Federal Rule of Civil Procedure 5.2(a)) |
| 2. | The Chans' Monthly Statement for the month of January 2008 (with account number redacted pursuant to Federal Rule of Civil Procedure 5.2(a)) |
| 3. | Letter to the Chans from Christopher M. Burke and Kristen M. Anderson, dated November 14, 2017 |
| 4. | Letter to the Chans from Kristen M. Anderson, dated December 5, 2017 (with the Chans' account numbers redacted pursuant to Federal Rule of Civil Procedure 5.2(a)) |
| 5. | Letter to the Chans from Kristen M. Anderson, dated January 9, 2018 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2018

_____
Kristen M. Anderson

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I further certify that I caused the foregoing to be sent via U.S. Mail by depositing a true copy in a postpaid, properly addressed envelope addressed to:

Chan Ah Wah<br>
Lim Cheok Kee Willy<br>
115 East Street<br>
New Hyde Park, NY 11040

And via email to:

Chanjac5@aol.com

        _s/ Christopher M. Burke_
        CHRISTOPHER M. BURKE